UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

JOHN HOCKENJOS, JR.,

              14 CV 1679 (PKC)

        Plaintiff,

   -against-         <u>ANSWER</u>

METROPOLITAN TRANSPORTATION
AUTHORITY, et al.,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

   Defendants Metropolitan Transportation Authority ("MTA") and Metro-North Commuter

Railroad ("Metro-North," together with MTA, "Defendants"), hereby answer the Complaint as

follows:

   1.  Deny the allegations set forth in paragraph one of the Complaint, except admit

that plaintiff purports to bring claims pursuant to the Family and Medical Leave Act, 29 U.S.C.

§ 2601 ("FMLA") and the New York City Human Rights Law, Administrative Code § 8-107

("NYCHRL").

   2.  Deny the allegations set forth in paragraph two of the Complaint, except admit

that plaintiff purports to bring claims pursuant to New York Labor Law § 740.

   3.  Deny the allegations set forth in paragraph three of the Complaint, except admit

that plaintiff purports to establish subject matter jurisdiction under 29 U.S.C. § 2617, 28 U.S.C.

§ 1331 and 1343.

   4.  Deny the allegations set forth in paragraph four of the Complaint, except admit

that plaintiff purports to establish supplemental jurisdiction over plaintiff's state law claims

pursuant to 28 U.S.C. § 1367.

5.      Deny the allegations set forth in paragraph five of the Complaint, except admit that plaintiff purports to place venue in the Southern District of New York pursuant to 28 U.S.C. § 1391(b).

6.      Lack knowledge and information sufficient to form a belief with respect to the allegations set forth in paragraph six of the Complaint.

7.      Deny the allegations set forth in paragraph seven of the Complaint, except admit Metropolitan Transportation Authority is a New York State public benefit corporation with its principal place of business at 347 Madison Avenue, New York, N.Y.

8.      Deny the allegations set forth in paragraph eight of the Complaint, except admit Metro-North Commuter Railroad Company is a subsidiary of MTA and has its principal place of business at 347 Madison Avenue, New York, N.Y.

9.      Deny the allegations set forth in paragraph nine of the Complaint, except admit plaintiff was employed by Metro-North.

10.     Deny the allegations set forth in paragraph ten of the Complaint.

11.     Deny the allegations set forth in paragraph eleven of the Complaint, except admit that Howard Permut was employed by Metro-North.

12.     Deny the allegations set forth in paragraph twelve of the Complaint.

13.     Deny the allegations set forth in paragraph thirteen of the Complaint, except admit that John Kennard was employed by Metro-North.

14.     Deny the allegations set forth in paragraph fourteen of the Complaint.

15.     Deny the allegations set forth in paragraph fifteen of the Complaint, except admit that Kim Smith was employed by Metro-North.

16.     Deny the allegations set forth in paragraph sixteen of the Complaint.

17.     Deny the allegations set forth in paragraph seventeen of the Complaint, except admit that Bruce Pollack was employed by Metro-North.

18.     Deny the allegations set forth in paragraph eighteen of the Complaint.

19.     Paragraph nineteen of the Complaint contains no allegations that require a response.

20.     Admit that Metro-North and MTA employ more than fifty employees.

21.     Deny the allegations set forth in paragraph twenty-one of the Complaint, and respectfully refer the Court to the provisions of the FMLA cited therein.

22.     Deny the allegations set forth in paragraph twenty-two of the Complaint, and respectfully refer the Court to the provision of the FMLA cited therein.

23.     Deny the allegations set forth in paragraph twenty-three of the Complaint, and respectfully refer the Court to the provision of the Department of Labor regulations cited therein.

24.     Deny the allegations set forth in paragraph twenty-four of the Complaint except admit that plaintiff was employed by Metro-North on or around December 28, 1998 in what was known as its Capital and Long Range Planning Department.

25.     Deny the allegations set forth in paragraph twenty-five of the Complaint.

26.     Deny the allegations set forth in paragraph twenty-six of the Complaint.

27.     Deny the allegations set forth in paragraph twenty-seven of the Complaint.

28.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph twenty-eight of the Complaint.

29.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph twenty-nine of the Complaint.

30.     Deny the allegations set forth in paragraph thirty of the Complaint.

31.     Deny the allegations set forth in paragraph thirty-one of the Complaint.

32.     Deny the allegations set forth in paragraph thirty-two of the Complaint.

33.     Deny the allegations set forth in paragraph thirty-three of the Complaint.

34.     Deny the allegations set forth in paragraph thirty-four of the Complaint.

35.     Deny the allegations set forth in paragraph thirty-five of the Complaint.

36.     Deny the allegations set forth in paragraph thirty-six of the Complaint.

37.     Deny the allegations set forth in paragraph thirty-seven of the Complaint, except admit that plaintiff provided Metro-North with a request for FMLA leave on or about September 5, 2012.

38.     Deny the allegations set forth in paragraph thirty-eight of the Complaint, and respectfully refer the Court to the document cited for a recitation of its contents.

39.     Deny the allegations set forth in paragraph thirty-nine of the Complaint, except admit that on or about September 6, 2012, Metro-North approved certain FMLA leave for plaintiff.

40.     Lack knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph forty of the Complaint.

41.     Deny the allegations set forth in paragraph forty-one of the Complaint.

42.     Deny the allegations set forth in paragraph forty-two of the Complaint.

43.     Deny the allegations set forth in paragraph forty-three of the Complaint.

44.     Deny the allegations set forth in paragraph forty-four of the Complaint.

45.     Deny the allegations set forth in paragraph forty-five of the Complaint.

46.     Deny the allegations set forth in paragraph forty-six of the Complaint, except lack knowledge and information sufficient to form a belief as to the allegations regarding Diego Palacios.

47.     Deny the allegations set forth in paragraph forty-seven of the Complaint, except admit that plaintiff provided Metro-North with a request for FMLA leave on or about February 14, 2013 and respectfully refer the Court to the document cited for a recitation of its contents.

48.     Deny the allegations set forth in paragraph forty-eight of the Complaint, except admit that on or about February 19, 2013, Metro-North approved certain FMLA leave for plaintiff.

49.     Deny the allegations set forth in paragraph forty-nine of the Complaint, except admit that a meeting was held with Kim Smith, John Kennard and a representative from Human Resources on or about March 19, 2013.

50.     Deny the allegations set forth in paragraph fifty of the Complaint, except that plaintiff was terminated.

51.     Deny the allegations set forth in paragraph fifty-one of the Complaint.

52.     Deny the allegations set forth in paragraph fifty-two of the Complaint.

53.     Deny the allegations set forth in paragraph fifty-three of the Complaint.

54.     Deny the allegations set forth in paragraph fifty-four of the Complaint.

55.     Deny the allegations set forth in paragraph fifty-five of the Complaint.

56.     Deny the allegations set forth in paragraph fifty-six of the Complaint.

57.     Deny the allegations set forth in paragraph fifty-seven of the Complaint.

58.     Deny the allegations set forth in paragraph fifty-eight of the Complaint.

59.     Deny the allegations set forth in paragraph fifty-nine of the Complaint.

60.     Deny the allegations set forth in paragraph sixty of the Complaint.

61.     Deny the allegations set forth in paragraph sixty-one of the Complaint.

62.     Deny the allegations set forth in paragraph sixty-two of the Complaint.

63.     Deny the allegations set forth in paragraph sixty-three of the Complaint.

64.     Deny the allegations set forth in paragraph sixty-four of the Complaint, except lack knowledge and information sufficient to form a belief as to plaintiff's feelings.

65.     Lack knowledge and information sufficient to form a belief as to the allegations set forth in paragraph sixty-five of the Complaint.

66.     Deny the allegations set forth in paragraph sixty-six of the Complaint.

67.     Deny the allegations set forth in paragraph sixty-seven of the Complaint.

68.     Deny the allegations set forth in paragraph sixty-eight of the Complaint.

69.     Deny the allegations set forth in paragraph sixty-nine of the Complaint.

70.     Deny the allegations set forth in paragraph seventy of the Complaint.

71.     Deny the allegations set forth in paragraph seventy-one of the Complaint.

72.     Deny the allegations set forth in paragraph seventy-two of the Complaint.

73.     Deny the allegations set forth in paragraph seventy-three of the Complaint, except admits that plaintiff's Complaint sets forth a demand for punitive damages.

74.     Defendants repeat and reallege their responses to the allegations contained in paragraphs one through seventy-three of the Complaint as if fully set forth herein.

75.     Deny the allegations set forth in paragraph seventy-five of the Complaint, and respectfully refer the Court to the provision of the FMLA cited therein for a true and accurate statement of its contents.

76.     Deny the allegations set forth in paragraph seventy-six of the Complaint, and respectfully refer the Court to the provision of the FMLA cited therein for a true and accurate statement of its contents.

77.     Deny the allegations set forth in paragraph seventy-seven of the Complaint.

78.     Deny the allegations set forth in paragraph seventy-eight of the Complaint.

79.     Defendants repeat and reallege their responses to the allegations contained in paragraphs one through seventy-eight of the Complaint as if fully set forth herein.

80.     Deny the allegations set forth in paragraph eighty of the Complaint, and respectfully refer the Court to the provision of the NYCHRL cited therein for a true and accurate statement of its contents.

81.     Deny the allegations set forth in paragraph eighty-one of the Complaint.

82.      Defendants repeat and reallege their responses to the allegations contained in paragraphs one through eighty-one of the Complaint as if fully set forth herein.

83.      Deny the allegations set forth in paragraph eighty-three of the Complaint, and respectfully refer the Court to the provision of the NYCHRL cited therein for a true and accurate statement of its contents.

84.      Deny the allegations set forth in paragraph eighty-four of the Complaint.

85.      Defendants repeat and reallege their responses to the allegations contained in paragraphs one through eighty-four of the Complaint as if fully set forth herein.

86.      Deny the allegations set forth in paragraph eighty-six of the Complaint, and respectfully refer the Court to the provision of the NYCHRL cited therein for a true and accurate statement of its contents.

87.      Deny the allegations set forth in paragraph eighty-seven of the Complaint.

88.      Defendants repeat and reallege their responses to the allegations contained in paragraphs one through eighty-seven of the Complaint as if fully set forth herein.

89.      Deny the allegations set forth in paragraph eighty-nine of the Complaint, and respectfully refer the Court to the provision of the NYCHRL cited therein for a true and accurate statement of its contents.

90.      Deny the allegations set forth in paragraph ninety of the Complaint.

91.      Defendants repeat and reallege their responses to the allegations contained in paragraphs one through ninety of the Complaint as if fully set forth herein.

92.      Deny the allegations set forth in paragraph ninety-two of the Complaint, and respectfully refer the Court to the provision of the New York Labor Law cited therein for a true and accurate statement of its contents.

93.      Deny the allegations set forth in paragraph ninety-three of the Complaint.

94.      Deny the allegations set forth in paragraph ninety-four of the Complaint.

95.     Admit that plaintiff has requested a jury trial.

96.     Deny the allegations set forth in the "Wherefore" clause of the Complaint, and further deny that plaintiff is entitled to the relief requested therein.

**AFFIRMATIVE DEFENSES**

AS AND FOR THEIR FIRST AFFIRMATIVE DEFENSE

97.     The Complaint fails to state a claim upon which relief may be granted.

AS AND FOR THEIR SECOND AFFIRMATIVE DEFENSE

98.     At all times relevant, Defendants acted in good faith and did not violate any rights which may be secured to plaintiff under any federal, state or local laws, rules, regulations or guidelines.

AS AND FOR THEIR THIRD AFFIRMATIVE DEFENSE

99.     The Complaint should be dismissed because all actions taken by Defendants with respect to plaintiff were undertaken in good faith and for legitimate, non-retaliatory business reasons.

AS AND FOR THEIR FOURTH AFFIRMATIVE DEFENSE

100.    Defendants would have taken all action with respect to plaintiff regardless of any alleged protected activity.

AS AND FOR THEIR FIFTH AFFIRMATIVE DEFENSE

101.    To the extent that plaintiff failed to mitigate, minimize or avoid any damages allegedly sustained, any recovery against Defendants must be reduced accordingly.

AS AND FOR THEIR SIXTH AFFIRMATIVE DEFENSE

102.    The damages and relief sought in plaintiff's Complaint are, in whole or in part, not legally authorized.

8

<u>AS AND FOR THEIR SEVENTH AFFIRMATIVE DEFENSE</u>

103.    Defendants are immune from the imposition of punitive damages as public benefit

corporations.

WHEREFORE, defendants Metropolitan Transportation Authority and Metro-North

Commuter Railroad hereby request that this Court deny plaintiff all relief sought, dismiss the

Complaint with prejudice in its entirety, and award them reasonable attorneys' fees and costs,

and grant such other and further relief as the Court deems appropriate and just.

Dated: New York, New York
       May 23, 2014

                                        Respectfully submitted,

                                        James B. Henly, General Counsel
                                        METRO-NORTH COMMUTER RAILROAD

                                        By:_____**/s**_____
                                                Daniel C. Knauth, Associate Counsel

                                        347 Madison Avenue
                                        New York, New York 10017
                                        (212) 340-2027
                                        dknauth@mnr.org